**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

EDGARDO PEREZ-DE LEON,

      Petitioner,

                                                                CASE NO. 12-CV-14900

v.                                              HON AVERN COHN

KIMBERLY SMALL,

      Respondent.

_____/

**ORDER OF DISMISSAL WITHOUT PREJUDICE**

I.

      This is a habeas case under 28 U.S.C. § 2254.  Petitioner has named Kimberly Small, a state district court judge, as defendant.  Petitioner plead no contest before defendant to being a disorderly person and was sentenced to probation.  One of the conditions of probation was that Petitioner pay fines and costs.  As will be explained, Petitioner was required to pay additional costs and his term of probation was extended to allow him time to pay the newly assessed costs.  Petitioner failed to pay the additional costs.  Defendant found Petitioner violated the terms of his probation and sentenced him to thirty days in jail and again extended his probation.  Petitioner has apparently since been released from custody.  As will also be explained, Petitioner has an appeal pending in the Michigan Court of Appeals relating to the payment of the additional costs.  Thus, the petition must be dismissed without prejudice for failure to exhaust state court remedies.

II.

Petitioner attached several papers to his petition, all of which appear to be state court orders and other filings.  The Court had difficulty in following the procedural history of Petitioner's case based on the papers submitted.  What follows is as best as can be gleaned.

On November 29, 2010, defendant sentenced Petitioner to eight-months probation.  Part of the order of probation required Petitioner to make periodic payments to pay for court costs, perform community service at a soup kitchen, and attend an impulse control program.

On July 20, 2011, the prosecutor filed a motion for costs, requesting Petitioner  to pay an additional $1,353.50 in costs.  The costs appear to be the costs incurred as a result of the prosecutor having to defend an unsuccessful appeal by Petitioner seeking to compel production of a store surveillance tape related to his crime.  *See* Exhibit A attached.

On January 12, 2012, defendant granted the prosecutor's motion and ordered Petitioner to pay the additional costs.  Defendant also extended Petitioner's probation to April 12, 2012, conditioned on his paying the newly assessed costs.  Petitioner says he appealed the order regarding additional costs and extending his probation to the Oakland County Circuit Court, but the appeal was dismissed on March 16, 2012.

Meanwhile, Petitioner failed to pay the additional costs and the probation department prepared a violation report.  On May 15, 2012, defendant found that Petitioner violated his probation by not paying the additional costs and sentenced him to thirty days in the county jail.  Defendant also extended Petitioner's probation to

2

November 29, 2012 and directed Petitioner to pay the additional costs by September 15, 2012.

At some point, Petitioner filed a petition for mandamus against defendant in Oakland County Circuit Court.  A circuit court judge dismissed the petition on October 16, 2012.

On October 12, 2012, Petitioner filed an application for leave to appeal in the Michigan Court of Appeals, challenging an order denying his motion for suspension of fees filed in the trial court.  That appeal is still pending.

On November 2, 2012, Petitioner filed an application for habeas relief in this court, presenting the following claims:

I.  Petitioner's conviction was obtained by a no contest plea unlawfully induced because it was not made with an understanding of the elements of the offense.

II.  Ineffective assistance of counsel.

III.  Denial of right to file an application for leave to appeal the probation violation order of May 15, 2012.

## III.  Discussion

Upon the filing of a habeas corpus petition, the Court must promptly examine the petition to determine "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . ." Rule 4, Rules Governing Section 2254 Cases. If the Court determines that the petitioner is not entitled to relief, the Court shall summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face").  Moreover, a federal court may not grant habeas corpus relief

3

to a state prisoner unless the prisoner first exhausts his remedies in state court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). "Ordinarily, the state courts must have had the opportunity to pass on defendant's claims of constitutional violations." *Prather v. Rees*, 822 F.2d 1418, 1420 (6th Cir. 1987). "This rule of comity reduces friction between the state and federal court systems by avoiding the unseemliness of a federal district court's overturning a state court conviction without the state courts having had an opportunity to correct the constitutional violation in the first instance." *O'Sullivan*, 526 U.S. at 845 (internal quotation omitted). Michigan prisoners must raise their claim(s) in the Michigan Court of Appeals and Michigan Supreme Court before seeking federal habeas corpus relief. *See Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990). The petitioner bears the burden of establishing exhaustion. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994); *Caver v. Straub*, 349 F.3d 340, 345 (6th Cir. 2003).

Here, Petitioner has not exhausted his habeas claims in the Michigan appellate courts. Apparently, Petitioner appealed the order extending his probation in the Oakland Circuit Court, but he took the appeal no farther. Implicit in the petition is the claim that defendant's act of denying his motion to suspend fees prevents him from pursuing further relief. As the documents attached to the petition reveal, Petitioner has at least one appeal pending in the Michigan Court of Appeals. The issues surrounding whether or not defendant acted appropriately in imposing the additional costs and sentencing Petitioner to jail is not properly before this Court at this time.[1] Because

---

[1]There appears to be an incongruity regarding the imposition of the additional costs and Petitioner's incarceration. Petitioner has been ordered to serve time in the county jail for not paying the additional costs. However, there is

Petitioner has an appeal pending in the Michigan Court of Appeals regarding these issues, he has not exhausted his claims.  As such, the petition must be dismissed without prejudice so that Petitioner may continue to exhaust his state court remedies. *See Hudson v. Martin*, 8 Fed. Appx. 352 (6th Cir. 2001).

IV.  Conclusion

For the reasons stated above, the petition is DISMISSED WITHOUT PREJUDICE.

Additionally, reasonable jurists would not debate the Court's conclusion that the petition should be dismissed for failure to exhaust.  <u>See</u> Fed. R. App. P. 22, Rule 11 of the Rules Governing Section 2254 Proceedings, 28 U.S.C. § 2253(c)(2).  Accordingly, a certificate of appealability is DENIED.


Dated:  November 16, 2012

 S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, November 16, 2012, by electronic and/or ordinary mail.

 S/Julie Owens
Case Manager, (313) 234-5160

---

nothing in the record that suggests Petitioner has the ability to pay the additional costs.  Also, there is nothing in the record to suggest that the expenses of the prosecution in a criminal case be charged to a defendant.  Incarcerating a defendant for non-payment of costs has been the subject of study and criticism. <u>See</u> <u>In for a Penny: The Rise of America's New Debtors' Prisons</u> (American Civil Liberties Union, October 2010